Patrick Q. Hustead, Esq.
Connor Cantrell, Esq.
The Hustead Law Firm,
*A Professional Corporation*
4643 S. Ulster St., Suite 1250
Denver, CO  80237
Ph. 303-721-5000
pqh@thlf.com
clc@thlf.com
*Attorneys for Plaintiff American Alternative Insurance Corporation*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

Civil Action No.

AMERICAN ALTERNATIVE INSURANCE CORPORATION,

 **Plaintiff,**

v.

TRIPLE A BUILDING SERVICES, INC.,

and

ANTHONY A. AGUIRRE,

 **Defendants.**

## COMPLAINT

 Plaintiff, American Alternative Insurance Corporation ("Plaintiff," "AAIC," or "Surety"), by and through its undersigned counsel, The Hustead Law Firm, A Professional Corporation, submits its Complaint against the Defendants, Triple A Building Services, Inc. ("Triple A) and Anthony A. Aguirre ("Mr. Aguirre") (collectively, the "Defendants" or "Indemnitors"), jointly and severally.

## I.   THE PARTIES

1.   AAIC is a corporation organized under the laws of the State of Delaware with its principal office located at 555 College Road East, Princeton, New Jersey 08540.

2.   Triple A is a Wyoming corporation and indemnitor of AAIC that, at all times alleged herein, conducted business in the State of Wyoming with its principal office located at 410 Grand Avenue, Suite 307, Laramie, Wyoming 82070.

3.   Mr. Aguirre is an individual indemnitor of AAIC whose last known residence is 1647 Cavalry Row, Laramie, Wyoming 82070.

## II.   JURISDICTION AND VENUE

5.   AAIC hereby incorporates by reference all the allegations contained above as though set forth herein.

6.   This Court has personal jurisdiction over the Defendants because the Defendants entered into an indemnity agreement with AAIC for AAIC to extend surety credit to Triple A so it could complete construction projects in Wyoming.  Pursuant to the indemnity agreement, the Defendants promised to post collateral with AAIC as set forth in the contract and to reimburse AAIC for, among other things, any losses, expenses, payments, attorneys' fees, costs incurred by AAIC in the event AAIC incurs losses as a result of issuing surety bonds on behalf of Triple A. As such, the Defendants purposefully availed themselves of the benefits and privileges of conducting business in Wyoming.

7.   This Court has original subject matter jurisdiction over AAIC's claims pursuant to 28 U.S.C. § 1332 (diversity) because the amount of AAIC's claims against the Defendants exceeds

$75,000 (AAIC seeks reimbursement of losses in the amount of at least $328,323.92), and AAIC is a citizen of a different state than the Defendants.

8.     As set forth above, AAIC is a citizen of both Delaware, where it is incorporated, and New Jersey, where its principal office is located.

9.     Triple A is domiciled in Wyoming and, therefore, a citizen of Wyoming.

10.    Mr. Aguirre is domiciled in Wyoming and, therefore, a citizen of Wyoming.

11.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to AAIC's claim occurred in or around Dubois, Wyoming.

### III.     GENERAL ALLEGATIONS

12.    AAIC hereby incorporates by reference all the allegations contained above as though set forth herein.

**A.     The Subcontract and the Bonds**

13.    On or about April 5, 2023, AAIC, as Surety, issued performance and payment bonds No. S7A2SU0001232 (the "Bond") in the penal sum of $3,444,057.07 on behalf of Triple A, as principal, to guarantee Triple A's work on project WY FLAP CR CN10-285(1) Horse Creek Road, Fremont County (the "Horse Creek Project") located in The Shoshone National Forest, Dubois, Wyoming 80205. A copy of the Bond is attached as **Exhibit 1** and incorporated herein by reference

14.    On or about April 28, 2023, Triple A entered into a subcontract agreement (the "Subcontract") with 71 Construction to furnish and install asphalt paving services for the Horse Creek Project. A copy of the Subcontract is attached as **Exhibit 2** and incorporated herein by reference.

15. As set forth in the Bond, AAIC agreed to guarantee the obligations of the respective principal, Triple A, on the Bond.

**B.**     **The Indemnity Agreement**

16. As consideration for AAIC issuing the Bonds and other consideration, on or about August 18, 2022, the Defendants executed a General Indemnity Agreement (hereinafter referred to as "GIA") in favor of AAIC. A copy of the GIA is attached as **Exhibit 3** and incorporated herein by reference.

17. The GIA provides, in pertinent parts:

h. "Loss" means any and all payments, expenses or liability incurred or anticipated by Surety, including but not limited to attorney's fees, consultant's fees, expert fees, financing costs and court costs, arising from or related to any Bond or Bonded Contract, any Claim, enforcing any of Surety's rights under this Agreement, and any and all unpaid premiums for any Bond.

**5. Indemnity.** Indemnitors shall exonerate, indemnify, and hold harmless Surety from and against any and all Loss and/or actual or potential liability for Loss. Indemnitors agree to immediately reimburse Surety in the amount of any payment of Loss made by Surety. Surety shall be entitled to charge Indemnitors for any and all disbursements toward such Loss made by it under the Good Faith belief that it was or may be liable for the sums so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed. An itemized statement, or vouchers or other evidence of any such payments made by Surety shall be prima facie evidence of the fact and amount of Indemnitors' liability to Surety. All such amounts shall bear interest at the rate of 9% per annum (or, if less than 9%, the highest rate of interest allowable by law) from the date of Surety's payment until Surety is fully reimbursed for such Loss and all outstanding interest on such Loss.

**6. Collateral Deposit**. Upon written demand by Surety, Indemnitors shall deposit with Surety cash or an irrevocable letter of credit ("ILOC") from a bank approved by Surety and in a form acceptable to Surety {hereinafter "Collateral Deposit"). Such Collateral Deposit shall be in the amount that Surety, in its sole discretion, in Good Faith deems sufficient to collateralize and hold it harmless from and against any and all potential liability for Loss, whether such liability is contingent or noncontingent, disputed or undisputed, and whether or not Surety shall have

established a reserve or made any payments therefor. Such Collateral Deposit shall be made no more than ten business days following such request by Surety.

**7. Surety's Rights in Collateral.** Except to the extent separately agreed to in writing by Surety, Surety may hold, but is not obligated to hold, all Collateral Deposits and any and all other collateral or security (or the proceeds thereof) obtained by Surety with respect to lndemnitors' obligations under this Agreement or any, Claim, Bond or Bonded Contract, without any obligation to segregate same from other assets, nor to invest or earn interest thereon, until lndemnitors provide evidence satisfactory to Surety of its discharge from all Bonds and all potential liability for Loss. Surety may, at its option and in its sole discretion, and without notice to any lndemnitor, use any and all such collateral, or the proceeds thereof, including any Collateral Deposit, in payment of or reimbursement for any Loss or interest owed with respect to such Loss.

18. In sum, pursuant to the GIA, the Defendants agreed, among other things, to indemnify and hold AAIC harmless from any and all liability for losses, costs, damages, attorneys' fees, and expenses of whatever kind that AAIC may sustain or incur by reason of having executed any bonds for or at the request of the Indemnitors. The Defendants also promised to place AAIC in funds sufficient to cover any and all actual and potential liability that AAIC might incur as a result of claims on any bonds.

19. The Defendants have these obligations at common law as well.

**C.    The Claim**

20. The Bonds were issued to protect Triple A's subcontractors and suppliers like 71 Construction.

21. On March 4, 2024, 71 Construction sent AAIC a payment bond claim claiming that it was owed $328,323.92 and that 71 Construction's investigations had concluded Triple A was insolvent. A copy of the March 4, 2024 Bond Claim is attached as **Exhibit 4** and incorporated by reference herein.

22. On March 5, 2024, AAIC sent a letter confirming receipt of the claim and requesting that 71 Construction complete a Proof of Claim. The March 5, 2024 letter and completed Proof of Claim are attached as **Exhibit 5**.

23. On June 13, 2024, AAIC, after investigating 71 Construction's claim on the Bonds, negotiated a settlement and release agreement with 71 Construction, whereby AAIC agreed to pay 71 Construction $328,323.92 for a release of its claims against the Bonds.

24. To date, AAIC has accepted and paid claims under the Triple A Payment Bonds in the amount of $328,323.92.

25. In addition to Bond claims, the Surety has incurred losses of at least $1,998.65 in the form of attorney fees, costs, and expenses relating to bond claims through August 1, 2024.[1] The Surety's losses are ongoing and will be supplemented as additional losses are incurred.

26. Accordingly, given the payments made pursuant to the Bonds and AAIC's attorney fees, costs, and expenses, AAIC has incurred, at least, $330,322.57 in liability as a result of issuing the Bond.

**D.     AAIC's Demands for Indemnity and Collateral**

27. On June 6, 2024, AAIC sent the Defendants formal notice and demand regarding their joint and several duties to defend and indemnify AAIC from and against all losses related to claims, including, but not limited to, bond payments, costs, and attorneys' fees. A copy of the June 6, 2024, collateralization demand letter sent to the Defendants is attached as **Exhibit 6**.

28. In pertinent part, the indemnity demand letter provides:

---

[1] The amounts of consultant fees, costs, and expenses as well as attorney fees, costs, and expenses are exclusive of recoverable interest.

> Pursuant to the GAI, you agreed, among other things, to fully exonerate, indemnify, and hold Surety harmless as more fully set forth in the GAI. Based upon the foregoing, Surety demands that you immediately perform all of your obligations under the GAI, including but not limited to exonerating and indemnifying Surety from and against any and all liabilities, losses and expenses to which it may be exposed as a result of the circumstances described herein.
>
> You also agreed in the GAI to deposit with Surety, upon written demand, cash or an irrevocable letter of credit from a bank approved by Surety and in a form acceptable to Surety in the amount that Surety deems sufficient to collateralize and hold it harmless from and against, among other things, any and all potential liability under the Bonds, whether such liability is contingent or noncontingent, disputed or undisputed. As a consequence of the foregoing, Surety hereby demands that you deposit with it $328,323.92 in collateral security. Pursuant to the GAI, your deposit of the collateral security demanded is due by the tenth business day after your receipt of this written demand.

See Exhibit 6.

29. The Defendants' failure to respond to AAIC's demands and refusal to post collateral constitutes a material breach of the GIA and Defendants' duties at common law.

30. As of August 26, 2024, AAIC's losses and liabilities under the Bonds amount to at least $328,323.92, exclusive of recoverable consultant costs, attorneys' fees and costs, and pre- and post-judgment interest.

## FIRST CLAIM FOR RELIEF
### (Breach of Express Contract Against All Defendants)

31. AAIC hereby incorporates by reference all the allegations contained above as though fully set forth herein.

32. The Defendants entered into a valid and enforceable contract, the GIA, with AAIC.

33. Sufficient consideration supports the GIA.

34. AAIC substantially performed its obligations, if any, under the GIA, including but not limited to investigating and paying proper claims under the Bond.

35. The Defendants failed to meet their obligations under the GIA, which constitutes a material breach.

36. The Defendants' breach of the GIA has damaged AAIC, and the Defendants are jointly and severally liable to AAIC for all losses and expenses incurred by AAIC as a result of the issuance of the Bonds, including, but not limited to, bond payments, attorneys' fees, consultant fees, expenses, and costs, all as provided by the terms of the GIA.

## SECOND CLAIM FOR RELIEF
### (Common Law Indemnification – Against Triple A)

37. AAIC hereby incorporates by reference all the allegations contained above as though fully set forth herein.

38. Triple A, as the principal under the Bonds, is required to indemnify and hold AAIC harmless from and against any and all liabilities, losses, and expenses of any kind or nature, including, but not limited to, interest, court costs, expenses and attorney and consultant fees, imposed upon, sustained or incurred by AAIC on account of the issuance of the Bonds.

39. AAIC has made a demand upon Triple A to be indemnified and placed in funds for all losses sustained or to be sustained as a result of the issuance of the Bonds.

40. Triple A has failed to meet its obligations to AAIC under Wyoming law.

41. Triple A's failure to meet its obligations to AAIC under Wyoming law has damaged AAIC, and AAIC is entitled to damages.

## THIRD CLAIM FOR RELIEF
### (Unjust Enrichment Against All Defendants)

42. AAIC incorporates by reference the allegations contained above, as though fully set forth herein.

43.     AAIC conferred a benefit on the Defendants by extending surety credit and/or issuing the Bonds on behalf of the Defendants.

44.     The Defendants accepted and appreciated that benefit by profiting from their operations, which would not have been possible without the issuance of AAIC's surety credit and/or the Bonds.

45.     The Defendants further accepted and appreciated that benefit by virtue of the equity in the Defendants' personal property as a direct result of these profits, which equity would not have been possible without the issuance of AAIC's surety credit and/or the Bonds.

46.     The Defendants agreed to defend, indemnify, and post collateral with AAIC in exchange for and pursuant to the terms of the GIA.

47.     By failing and refusing to do so, the Defendants have been and will continue to be unjustly enriched by keeping funds or other collateral to which AAIC is entitled pursuant to the GIA and/or common law.

48.     It would be inequitable for the Defendants to retain the benefit of AAIC's surety credit and/or the Bonds without complying with their obligations under the GIA and/or common law to post collateral as promised to protect AAIC from losses.

49.     Under these circumstances and given the surety relationship between AAIC and the Defendants, general considerations of right and justice dictate that AAIC be granted the right to have the Defendants' assets applied to their obligation to post collateral with AAIC.

50.     Specifically, AAIC requests an equitable lien in the amount of no less than $328,323.92, plus attorneys' fees ("Lien Amount") on any real property owned by the Defendants, including, but not limited to 3927 Cherrywood East Loop, Laramie Wyoming 82070; 1625 Calvary

Row, Laramie, Wyoming 82070; 1976 Lane 11, Powel, Wyoming 82435; and 375 E South Street, Powell, Wyoming 82435.

51. Moreover, AAIC should also be given an equitable security interest, as collateral security in the Lien Amount, on any and all rights, title and interest of the Defendants in and to all items, property, documents, etc. identified in the Assignment (Twelfth) paragraph of the GIA.

## IV.  CONCLUSION

WHEREFORE, for the foregoing reasons, AAIC requests judgment against the Defendants as follows and for such further relief as the Court deems proper:

- For all losses, expenses, costs and attorneys' fees, plus pre- and post-judgment interest at the maximum rate allowed by law, incurred by AAIC as a result of the Defendants' breach of the GIAs;

- For the Defendants to indemnify and hold AAIC harmless from and against any and all liabilities, losses and expenses of any kind of nature, including, but not limited to, interest, court costs, expenses and attorneys' fees, imposed upon, sustained or incurred by AAIC on account of the issuance of the Bonds;

- Due to the Defendants' unjust enrichment, AAIC requests an equitable lien (including attorneys' fees, costs, and expenses) to be placed on any real or personal property owned in whole or in part by the Defendants including, but not limited to, real property located at 3927 Cherrywood East Loop, Laramie Wyoming 82070; 1625 Calvary Row, Laramie, Wyoming 82070; 1976 Lane 11, Powel, Wyoming 82435; and 375 E South Street, Powell, Wyoming 82435.

- For such further relief as the Court deems just and proper.

Respectfully submitted this 26th day of August, 2024.

                                               The Hustead Law Firm
                                                     *A Professional Corporation*

                                               *The Original Signature is on File at The Hustead Law Firm, A Professional Corporation*

                                               <u>s/Connor L. Cantrell</u>
                                               Patrick Q. Hustead, Esq.
                                               Connor L. Cantrell, Esq.
                                               The Hustead Law Firm,
                                               *A Professional Corporation*
                                               4643 S. Ulster Street, Suite 1250
                                               Denver, CO 80237
                                               (303) 721-5000
                                               <u>pqh@thlf.com</u>
                                               <u>clc@thlf.com</u>
                                               *Attorneys for Plaintiff*